[Civ. No. 35591. First Dist., Div. One. July 16, 1975.]

THOMAS D. McBRIDE, Plaintiff and Appellant, v.
ALPHA REALTY CORPORATION, Defendant,
Cross-complainant and Respondent;
HOTEL CIRCLE, INC., Cross-defendant and Appellant.

COUNSEL

Gant & Asaro and John J. Hargrove for Plaintiff and Appellant and for Cross-defendant and Appellant.

Lamson, Jordan, Walsh & Lawrence and David P. Dawson for Defendant, Cross-complainant and Respondent.

OPINION

ELKINGTON, J.—Plaintiff Thomas D. McBride brought an action in Santa Clara County for a real estate brokerage commission against defendant Alpha Realty Corporation. The defendant cross-complained against cross-defendant Hotel Circle, Inc. The plaintiff and cross-defendant were represented in the action by the same attorney.

Following a trial, the court made and filed its memorandum of decision ruling adversely to the plaintiff and to the cross-defendant. A copy of that memorandum was mailed in Santa Clara County by the clerk on January 28, 1974, to their counsel whose offices are in San Diego, California.

On February 11, 1974, the clerk filed plaintiff's and cross-defendant's "Request for Findings of Fact and Conclusions of Law" which was dated February 7, 1974. On February 25, 1974, a judgment, reciting that "findings of fact and conclusions of law not having been requested by any of the parties," was entered. The judgment gave effect to the earlier memorandum of decision.

Thereafter plaintiff and cross-defendant, contending that the judgment was void for lack of findings of fact, moved to vacate it. The motion was denied. The instant appeal is taken by them from the judgment, and from a nonappealable order denying their motion to vacate the judgment.

■ It is of course true that a "judgment entered without findings where findings are required is a nullity . . . ." (*Ohio Cas. Ins. Co.* v. *Northwestern Mut. Ins. Co.*, 17 Cal.App.3d 204, 207 [94 Cal.Rptr. 586]; and see Code Civ. Proc., § 632, subd. 1.)

Rule 232(b) of the California Rules of Court provides that findings of fact are required in a superior court action tried, as here, to the court, where written request therefor is "served and filed within 10 days" after mailing of the "announcement of intended decision."[1]

Code of Civil Procedure section 1013 (as in effect at the time here at issue) provided that in case of service by mail, "if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended two days, together with one day additional for every full 100 miles distance between the place of deposit and the place of address, . . ."

We may assume that the superior court took judicial notice, as do we, of the fact that the distance between Santa Clara County and San Diego is at least 300 miles. (See Evid. Code, §§ 452, subd. (g), 459.)

■ Section 1013 is obviously a legislative recognition that strict adherence to procedural time limitations, where an action's parties or

---

[1]The full text of rule 232(b) follows: "A request for findings of fact and conclusions of law shall be served and filed within 10 days after oral announcement of intended decision in open court or, if mailing of the announcement of intended decision is required, within 10 days after such mailing or, in the case of a subsequent modification or change in the announced intended decision, within 10 days after mailing of a copy thereof."

attorneys have mailing addresses distant from each other, would often defeat the ends of justice by making compliance with the time requirement difficult, or even impossible.

If section 1013 is applicable to the time period fixed by rule 232(b), plaintiff's and cross-defendant's request for findings of fact was timely made, and such findings were required by law.

Rule 232 is, of course, a rule of the Judicial Council. That body is the creature of California's Constitution, article VI, section 6, which requires the council to "adopt rules for court administration, practice and procedure, *not inconsistent with statute, . . .*" (Italics added.)

The court in *Lane* v. *Superior Court,* 104 Cal.App. 340, 344 [285 P. 860], interpreted this rule-making power as "limited by any existing [related] law, the Constitution reserving to the legislature and the people the primary and higher right to provide rules of procedure for our courts with the secondary right in the Judicial Council, to adopt rules only, when and where the higher authority of the legislature and the people has not been exercised." ■ The rules are "subject to the rules of statutory interpretation." (*Helbush* v. *Helbush,* 209 Cal. 758, 763 [290 P. 18].) As with statutes, in determining their meaning, courts should consider "their effect on the rights of the litigants—whether they defeat the ends of justice . . . and their relation to any statutory or constitutional provision in the same or a related field." (*Albermont Petroleum, Ltd.* v. *Cunningham,* 186 Cal.App.2d 84, 90 [9 Cal.Rptr. 405].) ■ Where reasonably possible, strict adherence to the language of such a rule will be avoided where it would have the effect of depriving a party "of his day in court." (*Albermont Petroleum, Ltd.* v. *Cunningham, supra,* p. 91.) ■ And such rules, themselves having the effect of statutes, "should be construed with reference to the entire statutory system of which [they form] a part in such a way that harmony may be achieved among the parts." (*Merrill* v. *Department of Motor Vehicles,* 71 Cal.2d 907, 918 [80 Cal.Rptr. 89, 458 P.2d 33].)

■ Applying these principles to the problem before us, it becomes patent that the 10-day period of rule 232(b) is subject to the time extension provisions of Code of Civil Procedure section 1013, subdivision (a). And it seems equally apparent that such was the intent of the Judicial Council. The superior court accordingly erred in failing to make findings of fact as requested by plaintiff and cross-defendant.

The judgment is reversed. The superior court will make and file findings of fact according to law or, in the alternative and in its discretion, if such findings of fact may not now reasonably and conveniently be made and the interests of justice so indicate, order a new trial of the action. The appeal from the order denying a motion to vacate the judgment (a nonappealable order; see *Daley* v. *County of Butte*, 227 Cal.App.2d 380, 388 [38 Cal.Rptr. 693]) is dismissed. Plaintiff and cross-defendant will recover their costs of appeal.

Molinari, P. J., and Weinberger, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.