[Civ. No. 46565. First Dist., Div. Four. Dec. 20, 1979.]

INJECTRONICS, INC., Plaintiff and Respondent, v.
COMMODORE BUSINESS MACHINES, INC.,
Defendant and Appellant.

COUNSEL

Trepel & Clark, John W. Clark and Stephen V. Manley for Defendant and Appellant.

Hoge, Fenton, Jones & Appel and H. R. Lloyd, Jr., for Plaintiff and Respondent.

OPINION

**CHRISTIAN, J.**—Plaintiff Injectronics, Inc. took judgment against defendant Commodore Business Machines, Inc. for breach of contract. Defendant appeals, challenging the refusal of the court to make findings of fact and conclusions of law as requested by appellant.

The cause was tried without a jury, and the court filed its memorandum of decision on August 25, 1978. A copy of the memorandum of decision was placed in the mail the same day. Twelve days later, on September 6, 1978, appellant filed a request for findings of fact and conclusions of law. The request was rejected as untimely. Instead, on September 11, 1978, the clerk directed counsel for respondent to prepare, serve and submit to the court a proposed judgment. Judgment was rendered accordingly.

Appellant asserts that its request for findings of fact and conclusions of law was timely, even though it was filed 12 days after the announcement of intended decision was mailed.

■ Rule 232(b), California Rules of Court, requires that after the announcement of intended decision is mailed a request for findings of fact and conclusions of law must be served and filed within 10 days.[1] But appellant points out that Code of Civil Procedure section 1013, subdivision (a) provides: "In case of service by mail, the notice or other paper must be deposited in a...facility regularly maintained by the United States Postal Service....The service is complete at the time of the deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended five days if the place of address is within the State of California...." If this statute is applicable, appellant's request for findings was timely.

In *McBride* v. *Alpha Realty Corp.* (1975) 49 Cal.App.3d 925 [123 Cal.Rptr. 270], a request for findings of fact and conclusions of law was filed 15 days after the clerk mailed a memorandum of the court's intended decision. The court refused to make findings and rendered judgment. On appeal, the court held that the 10-day period specified in rule 232(b) was subject to the time extension provisions of section 1013, and concluded that the superior court had erred when it failed to make findings of fact. (*McBride, supra,* at p. 929.) In rendering its decision, the court relied primarily on California Constitution, article VI, section 6, which requires that the Judicial Council adopt rules "not inconsistent with statute." Under this constitutional provision the Legislature has the primary "right to provide rules of procedure for our courts with the secondary right in the Judicial Council, to adopt rules only, when and where the higher authority of the legislature and the people has not been exercised." (*Lane* v.*Superior Court* (1930) 104 Cal.App. 340, 344 [285 p. 860].)

---

[1]Rule 232(b), California Rules of Court provides: "A request for findings of fact and conclusions of law shall be served and filed within 10 days after oral announcement of intended decision in open court or, if mailing of the announcement of intended decision is required, within 10 days after such mailing, or, in the case of a subsequent modification or change in the announced intended decision, within 10 days after mailing of a copy thereof."

The *McBride* opinion did not discuss Code of Civil Procedure section 632, wherein the Legislature has apparently delegated to the Judicial Council its primary power to designate procedures for requesting written findings. Section 632, paragraph 7, provides: "The procedure for requesting, preparing, and filing written findings and conclusions and the written judgment of the courts shall be in accordance with rules adopted by the Judicial Council." The language of this provision seems unambigous and unequivocal. It leaves the procedural scheme affecting findings of fact entirely to Judicial Council rules. (4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 311, pp. 3118-3119.) Rule 232(b) is entirely consistent with section 632. If the question were open to fresh consideration, we might be inclined to hold that rule 232(b) governs, with the result that the judgment should be affirmed. But *McBride* is a holding that Code of Civil Procedure section 1013, subdivision (a) extends the time fixed by rule 232(b). We do not consider it appropriate, on a procedural issue where it is important that the rule be certain, to create a conflict by failing to follow and apply the *McBride* holding. We conclude that the request for findings was timely. The failure to make findings was reversible error. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 337, p. 3139.)

The judgment is reversed with directions to make findings of fact and conclusions of law and thereupon to render a new judgment.

Caldecott, P. J., and Poché, J., concurred.