[No. B032926. Second Dist., Div. Six. Jan. 5, 1990.]

GARVEY L. HUTCHINS, Plaintiff and Respondent, v.
MICHELLE R. GALANDA, Defendant and Appellant;
IVALEE HUGHES, Intervener and Respondent.

**COUNSEL**

Jack Edzant for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

David O. Trebilcock for Intervener and Respondent.

**OPINION**

**ABBE, J.**—Appellant Michelle R. Galanda appeals from orders made on conflicting orders to show cause to modify a paternity judgment regarding child custody, visitation, child support, and attorney fees. Appellant's request for a statement of decision in the orders made was denied as untimely. We find merit in her contention that the trial court erred and that her request for a statement of decision was timely filed and reverse. We do not address any other contention since a statement of decision may resolve the other issues and will, at the least, facilitate review if it is again sought.

The evidence on the requests for modification was presented over several full and partial days of hearing. The matter was taken under submission by the court on December 7, 1987.

On December 18, 1987, a document entitled "Order" was signed and stamped "Filed." The order resolves the issues raised by the orders to show cause. The minute order bearing this same date notes the filing of the order on submitted matter and states: "The clerk is directed to give notice." The declaration of mailing of the minute order and order is dated December 22, 1987. Appellant's request for statement of decision was filed December 31, 1987. On January 7, 1988, the court denied the request as untimely.

Code of Civil Procedure section 632 provides in pertinent part that upon the trial of a question of fact by the court: "The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party

appearing at trial. The request must be made within 10 days after the court announces a tentative decision. . . ."

California Rules of Court, rule 232 provides in part as follows: "(a) On the trial of a question of fact by the court, the court shall announce its tentative decision . . . by a written statement filed with the clerk . . . [t]he clerk shall forthwith mail to all parties who appeared at the trial a copy of the minute entry or written tentative decision."

■ We find the 10 days commence for purposes of section 632 at the time the clerk mails the copy of the minute order or decision. Consequently, the request for a statement of decision filed on December 31, 1987, was within 10 days of the court's announcement of the decision on December 22, 1987. To start counting time the day the written decision is given to the clerk could completely deprive both parties of obtaining a statement of decision in case of delayed entry and/or notice by mail.

The order modifying the judgment is reversed. The trial court is directed to honor appellant's request for a statement of decision as to all principal controverted issues resolved by the court. Each party to bear their own costs on appeal.

Stone (S. J.), P. J., and Gilbert, J., concurred.