[No. C025463. Third Dist. Sept. 22, 1997.]

JACK F. STATEN et al., Plaintiffs and Appellants, v. LEAH HEALE et al., Defendants and Respondents.

JACK F. STATEN et al., Plaintiffs and Appellants, v. JACK R. ARMSTRONG et al., Defendants and Respondents.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of FACTUAL AND PROCEDURAL BACKGROUND and parts II and III of the DISCUSSION.

COUNSEL

Timothy W. Pemberton for Plaintiffs and Appellants.

Michael R. Barrette for Defendants and Respondents.

OPINION

SIMS, J.—Plaintiffs Jack F. Staten and Jane Staten won a judgment in Nevada against Jack R. Armstrong. (For convenience, we refer to the Statens collectively as "plaintiff," as did the trial court.) Thereafter plaintiff filed separate suits naming Armstrong, Leah Heale (Armstrong's mother), and Elizabeth Part (Armstrong's aunt), as defendants, alleging that Armstrong had fraudulently transferred real property in California to Heale and Part to avoid the enforcement of the Nevada judgment. The suits were consolidated for court trial.

After a six-day trial, the trial court issued a tentative decision in favor of defendants. Plaintiff requested a statement of decision, but the trial court rejected the request as untimely. The court then denied plaintiff's motion to withdraw the order rejecting his request for a statement of decision.

Plaintiff contends: (1) the trial court erred in ruling his request for a statement of decision untimely and in denying his motion to withdraw its order rejecting the request; (2) because his request for a statement of decision was timely, the court's failure to issue a statement of decision is reversible error; (3) the court erred in admitting an accountant's report concerning defendants' transactions among themselves; and (4) the court erred in admitting evidence of Armstrong's transfers to Heale and Part which predated the recordation of the deeds showing the transfers.

In the published portion of the opinion, we conclude the trial court properly rejected, as untimely, plaintiff's request for a statement of decision. In an unpublished portion of the opinion, we reject plaintiff's other contentions of error. We shall therefore affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 1084.

## Discussion

### I

Plaintiff contends that the trial court erred by rejecting his request for statement of decision as untimely. We disagree.

*Facts.*

The trial court's tentative decision was signed on July 24, 1996. It was filed on July 25, 1996, and the court clerk executed a proof of service by mail on that date. The mailing envelope was date stamped July 26, 1996.

On August 8, 1996, plaintiff's counsel signed a request for statement of decision, served it on opposing counsel, and mailed it to the trial court by certified mail. It was filed in the trial court on August 12, 1996.

The trial court issued an order rejecting the request for statement of decision as untimely because it had not been "made" within the allowable time period (10 days after the tentative decision was mailed to the parties under Code of Civil Procedure section 632,[3] extended by 5 days under section 1013, subdivision (a), for service by mail).[4]

Plaintiff moved for withdrawal of the order rejecting his request for statement of decision. He argued chiefly that the court should have calculated timeliness based on the mailing date of his request (August 8), not its

---

[3]Code of Civil Procedure section 632 provides: "In superior, municipal, and justice courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial. The request must be made within 10 days after the court announces a tentative decision unless the trial is concluded within one calendar day or in less than eight hours over more than one day in which event the request must be made prior to the submission of the matter for decision. The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision. After a party has requested such a statement, any party may make proposals as to the content of the statement of decision.

"The statement of decision shall be in writing, unless the parties appearing at trial agree otherwise; however, when the trial is concluded within one calendar day or in less than 8 hours over more than one day, the statement of decision may be made orally on the record in the presence of the parties."

All subsequent undesignated section references are to the Code of Civil Procedure.

[4]Section 1013, subdivision (a), provides in part: "[S]ervice [by mail] is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five days, upon service by mail, if the place of address is within the State of California . . . ."

filing date (August 12). He also argued that the court should have calculated the beginning of the period from the date stamped on the court's mailing envelope (July 26), not the date of the court clerk's filing of the tentative decision and proof of service (July 25). However, based on the first argument, he maintained that even if the period began to run on July 25 his request was still timely because it was mailed on August 8.

After plaintiff opposed the motion, the trial court heard argument and orally denied the motion. Since the court had found no timely request for a statement of decision, it then entered judgment in accordance with its tentative decision.

*Analysis.*

Plaintiff renews on appeal both arguments raised in the trial court. We reject both.

1. *When the period for requesting a statement of decision begins to run.*

█ Plaintiff's contention that the period for requesting a statement of decision ran from July 26, the date on which the court's mailing envelope was postmarked, rather than July 25, the date of the court's filing and proof of service of the tentative decision, is foreclosed by statute.

As plaintiff acknowledges, service by mail is normally deemed complete at the time of deposit. (§ 1013, subd. (a).) Where such service is effected by the clerk of a court of record, proof of service may be made by "a certificate by that clerk setting forth the exact title of the document served and filed in the cause, showing the name of the clerk and the name of the court of which he or she is the clerk, and that he or she is not a party to the cause, and showing the date and place of deposit in the mail, the name and address of the person served as shown on the envelope, and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid." (§ 1013a, subd. (4).) Here, the court clerk's proof of service, which conformed to these requirements, shows the date of deposit as July 25. The date of deposit shown on the proof of service is the date on which service is deemed to have occurred, unless "the date of postage cancellation or postage meter imprint as shown on the envelope . . . is more than one day after the date of deposit for mailing contained in the certificate." (§ 1013a, subd. (4).) Then, and only then, is the date of postage cancellation deemed to be the date on which service occurred. (§ 1013a, subd. (4).) Here, the date of postage cancellation was July 26, only one day after the date of deposit for mailing shown on the proof of service; thus it may not be deemed the actual date of service.

Plaintiff cites *Hutchins* v. *Galanda* (1990) 216 Cal.App.3d 1529, 1531 [265 Cal.Rptr. 596], *Tobin* v. *Oris* (1992) 3 Cal.App.4th 814, 825 [4 Cal.Rptr.2d 736], and *Bird* v. *McGuire* (1963) 216 Cal.App.2d 702, 715 [31 Cal.Rptr. 386], as authority for the contrary conclusion. They are not because they do not discuss section 1013a, subdivision (4), or the factual circumstances with which that provision deals.

*Hutchins* holds that under section 632 the 10-day period for requesting a statement of decision runs from "the time the clerk mails the copy of the minute order or decision," not the date when the court files the order or decision with the clerk. (216 Cal.App.3d at p. 1531.) On the facts before it the *Hutchins* court did not have to decide what is "the time the clerk mails the copy of the minute order or decision" when the date shown on the clerk's proof of service differs from that shown on the postmark—the question resolved by section 1013a, subdivision (4). Thus *Hutchins* is inapposite.

*Tobin* also does not discuss section 1013a, subdivision (4). Rather, it discusses subdivision (3), which (1) sets forth a method for proving service by mail where the person making an affidavit of service lacks personal knowledge of the mailing and (2) incorporates a presumption that service is invalid if the mailing envelope is postmarked more than one day after the affidavit's date of deposit. (*Tobin* v. *Oris*, *supra*, 3 Cal.App.4th at pp. 825-826.) The court's conclusion that this provision does not apply where actual service has admittedly been affected (*ibid.*) is neither surprising nor apposite to section 1013a, subdivision (4), which addresses an entirely different set of factual circumstances.

Finally, *Bird* holds that by analogy to sections 1012 and 1013, former California Rules of Court, rule 220(b)[5] and its predecessor, former rule 8.12, required written notice of trial because notice by mail entails the physical act of depositing the notice in the mail facilities. (216 Cal.App.2d at pp. 714-715.) *Bird* does not hold, as plaintiff asserts, that mailings under sections 1012 and 1013 "are calculated from the date of the physical act of depositing the document in the mail." And even if it did so hold, this general holding would not trump the clear, precise, specific language of section 1013a, subdivision (4).

The trial court correctly found that the period for requesting a statement of decision began to run on July 25, 1996, the day the clerk deposited the tentative decision in the mail.

2. *When a request for statement of decision is "made."*

█ Section 632 provides that a request for statement of decision "must be *made* within 10 days after the court announces a tentative decision

---

[5]All subsequent references to rules are to the California Rules of Court.

. . . ." (Italics added.) Rule 232, which implements section 632, similarly provides: "The court in its tentative decision may . . . direct that the tentative decision shall be the statement of decision unless within ten days either party specifies controverted issues or *makes* proposals not covered in the tentative decision." (Rule 232(a), italics added.) Neither the statute nor the rule defines what it means to "make" such request or proposal. Plaintiff contends that the request is "made" when deposited in the mail, and that therefore his request was timely because mailed within the 15-day window provided by sections 632 and 1013, subdivision (a)—even if (as we have concluded) that window opened on July 25 rather than July 26. Plaintiff is wrong.

First, plaintiff cites no authority holding that a request for statement of decision is "made" when deposited in the mail. Most of the decisions he relies on do not even discuss current section 632 or current rule 232, but only address when service by mail is complete under sections 1012 and 1013.[6] It is undisputed that the five-day extension of response time provided by section 1013, subdivision (a), applies to section 632 where the trial court's tentative decision is served on the parties by mail. (*In re Marriage of McDole* (1985) 176 Cal.App.3d 214, 218-219 [221 Cal.Rptr. 734] [disapproved on another point in *In re Marriage of Fabian* (1986) 41 Cal.3d 440, 451, fn. 13 [224 Cal.Rptr. 333, 715 P.2d 253]].) But this does not answer the question whether a request for statement of decision deposited in the mail within 15 days after service of the tentative decision on the parties, but not received by the court until after that period, is timely under section 1013, subdivision (a).

Furthermore, the only decisions we have found which discuss the timeliness of requests for statements of decision under the current statute and rule suggest that the key event for determining timeliness is the date of receipt in the trial court. (*Gordon* v. *Wolfe* (1986) 179 Cal.App.3d 162, 167 [224

---

[6]Plaintiff cites two decisions construing the former versions of section 632 and rule 232, under which the trial court was required to make "findings of fact and conclusions of law" (former § 632) when a party had timely "served and filed" a request therefor (former rule 232(b)). Neither is helpful to plaintiff's position. In *McBride* v. *Alpha Realty Corp.* (1975) 49 Cal.App.3d 925, 928-929 [123 Cal.Rptr. 270], the court held that under the five-day extension provided by section 1013 a request for findings was timely even though filed more than ten days after the mailing of the trial court's tentative decision. In *Injectronics, Inc.* v. *Commodore Business Machines, Inc.* (1979) 100 Cal.App.3d 185, 187-188 [160 Cal.Rptr. 667], the court followed *McBride* (though reluctantly) to reach a similar result. However, in both cases the filing of the request occurred within the 15-day window provided by applying section 1013 to the time limit set forth in section 632. (*Injectronics, Inc., supra,* 100 Cal.App.3d at pp. 187-188; *McBride, supra,* 49 Cal.App.3d at pp. 928-929.) Therefore, even assuming these decisions are relevant to the current statute and rule, they are not authority for the proposition that a request filed with the court after the 15-day period has run is timely.

Cal.Rptr. 481]; *In re Marriage of McDole, supra,* 176 Cal.App.3d at pp. 218-219.) While these decisions did not address the issue before us now and are therefore not dispositive on this point, they give no comfort to plaintiff.

Finally, we think plaintiff's interpretation of "made" is untenable as a matter of common sense and ordinary usage. A request for statement of decision calls on the trial court to act. Such a request cannot reasonably be deemed accomplished until the court knows what is requested. (See *Safeco Surplus Lines Co.* v. *Employer's Reinsurance Corp.* (1992) 11 Cal.App.4th 1403, 1407-1409 [15 Cal.Rptr.2d 58] [insurance claim "made" when insurer receives it, not when dated or mailed by claimant].)

For all the above reasons, we conclude that the trial court was correct in ruling plaintiff's request for statement of decision was not made until it was received by the court and was therefore untimely. We therefore reject plaintiff's contention that the trial court erred reversibly by not issuing a statement of decision on request since there was no timely request for a statement of decision before the court. (*Khan* v. *Medical Board* (1993) 12 Cal.App.4th 1834, 1840 [16 Cal.Rptr.2d 385]; *In re Marriage of Katz* (1991) 234 Cal.App.3d 1711, 1718 [286 Cal.Rptr. 495].)

## II, III*

. . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. Defendants shall receive their costs on appeal.

Puglia, P. J., and Scotland, J., concurred.

Appellants' petition for review by the Supreme Court was denied December 10, 1997.

---

*See footnote, *ante,* page 1084.