Filed 10/28/15  Lovco Construction v. W.A. Rasic Construction Co. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| LOVCO CONSTRUCTION, INC., | B261569 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NC057835) |
| v. | |
| W.A. RASIC CONSTRUCTION COMPANY, INC., | |
| Defendant and Appellant. | |


APPEAL from the judgment of the Superior Court of Los Angeles, Ross M. Klein, Judge.  Reversed and remanded.

Lane & McGowan, Scott R. Lane, John M. McGowan, for Defendant and Appellant.

Sean A. Goodman for Plaintiff and Respondent.

_____

Defendant and appellant W.A. Rasic Construction Company, Inc. (Rasic) appeals from a judgment in favor of plaintiff and respondent Lovco Construction, Inc. (Lovco) for intentional interference with prospective economic advantage. In order to prevail on the tort, a plaintiff must prove five separate elements, the second of which is defendant's knowledge of plaintiff's third party relationships. Because the trial court's statement of decision made no finding of fact with respect to Rasic's knowledge of Lovco's relationships with third party customers, and we find insufficient evidence of such knowledge, we reverse the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Lovco is a company that recycles asphalt and concrete. Rasic is primarily a pipeline construction company, and has previously used Lovco's concrete and asphalt recycling services. In 2010, Rasic began working on a project in Long Beach called the Termino Drain Project. The City of Long Beach asked Rasic to move its staging area for work on the Termino Drain Project to a location near the Long Beach Airport called Parcel M. Parcel M was a dump site full of construction debris; it was four miles from the Termino Drain Project and seven miles from Lovco's operations. The city issued a commercial use permit specifying that Rasic could engage in the "allowable use" of "(1) the stockpiling of soil and materials from the Termino Drain Project . . . for relocation to other disposal sites . . . and/or (2) recycling asphalt and concrete during the course of the Termino Drain Project with related equipment." Rather than paying rent for the exclusive use of Parcel M, Rasic agreed to clear Parcel M of existing debris.

After Rasic moved onto Parcel M, it began its own concrete recycling operations using the moniker "Airport Recycling Center," which operated for 25 months. During that time, Rasic recycled its own asphalt and concrete, but it also charged third parties to dump loads of asphalt and concrete at the Asphalt Recycling Center and sold road base materials to third parties as well. The Termino Drain Project was completed on March

13, 2012.  The city of Long Beach terminated Rasic's conditional use permit with a 30-day notice of termination on June 11, 2012, and Rasic left Parcel M within 30 days.

Lovco filed its initial complaint against Rasic on July 5, 2012.  In August 2014, the parties conducted a bench trial on the only cause of action remaining in Lovco's second amended complaint:  intentional interference with prospective economic advantage.  The gravamen of Lovco's claim was that Rasic intentionally interfered with Lovco's concrete and asphalt recycling business by diverting Lovco's customers to the Airport Recycling Center and operating in excess of its commercial use permit and in violation of various zoning, licensing, and certification requirements.

On October 6, 2014, the court issued a proposed statement of decision.  The decision included several relevant factual findings.  On the question of whether Rasic engaged in wrongful conduct, the court found, "No representative of the City of Long Beach ever approved or ratified [Rasic's] commercial heavy industrial recycling operation that was open for business to the general public.  [Rasic] was actively engaged in profitable commercial activities that were not expressly or impliedly permitted by the Conditional Use Permit."  The court found credible the testimony of Lovco's rebuttal witness that Lovco operates a commercial concrete recycling service that is close to the Airport Recycling Center, and it offers competitive pricing, similar services, and a favorable location for trucking access with convenient ingress and egress.  The court also found (1) Rasic chose to regularly use Lovco's site from January to June 2010 before the Airport Recycling Center began operations, (2) Rasic "was conducting specialized similar work within a reasonable distance from [Lovco's] work site at Parcel M," and (3) Rasic "knew or should have known that its extending Parcel M's use to encompass the general public would adversely impact similar businesses within a reasonable distance."

On October 21, 2014, Rasic filed Objections to the Proposed Statement of Decision.  One of Rasic's objections was that the Proposed Statement of Decision "does not resolve a controverted issue, omits findings of fact and is ambiguous as to the 2nd Element of a Cause of Action for Intentional Interference with Economic Relationships: 'The defendant's knowledge of the relationship.'"  The trial court declined to amend its

3

decision, finding Rasic's objections untimely. After the court entered judgment in favor of Lovco, Rasic filed a timely notice of appeal.

## DISCUSSION

Rasic contends the court erred in finding its objections to the proposed statement of decision untimely. Rasic's main contention on appeal is that the court erred in entering judgment in favor of Lovco on its claim for intentional interference with prospective economic advantage because there was insufficient evidence of Rasic's knowledge of Lovco's relationships with third parties. Finally, Rasic contends that the court's damage award was erroneous because there was insufficient evidence that 100 percent of Rasic's third party customers had economic relationships with Lovco.

### Statement of Decision

Rasic contends that it timely brought to the trial court's attention the issue of the inadequacy of the factual findings in the statement of decision, and therefore the doctrine of implied findings does not apply. We agree.

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness. [Citations.]" (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "Absent a statement of decision, the reviewing court presumes that the trial court made all factual findings necessary to support the judgment and reviews those implied findings under the substantial evidence rule. [Citation.]" (*In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 293.) Under the doctrine of implied findings, the appellate court must presume the trial court fully discharged its duty to consider all of the relevant factors and made all factual findings necessary to support its decision. (*Brewer v. Carter* (2013) 218 Cal.App.4th 1312, 1320.) "Where the record reflects what the court actually did, however, these presumptions do not apply. [Citation.]" (*Ibid.*) In order to demonstrate

4

on appeal that the trial court erred by failing to make factual findings on an issue, "[t]he appellant must secure a statement of decision under Code of Civil Procedure section 632 *and*, pursuant to Code of Civil Procedure section 634, bring any ambiguities and omissions in the statement of decision to the trial court's attention." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.)

The trial court denied Rasic's October 21, 2014 objection to the proposed statement of decision as untimely, reasoning that the October 6, 2014 decision was only a *tentative* decision under Code of Civil Procedure section 632, and Rasic was required to request a statement of decision within 10 days. (Code of Civ. Proc., § 632 [a request for a statement of decision "must be made within 10 days after the court announces a tentative decision . . ."].) However, the court failed to consider that Rasic in fact had 15 days to act, for two different reasons. First, the court itself labeled its decision a "proposed statement of decision," triggering rule 3.1590(c)(1) of the California Rules of Court, which permits a court in its tentative decision to "[s]tate that it is the court's proposed statement of decision, subject to a party's objection under subdivision (g)." Subdivision (g) gives a party 15 days to serve and file objections. (Cal. Rules of Court, rule 3.1590(g).) Second, even allowing for the court's later characterization of its ruling as a tentative decision, Rasic made a timely request for a statement of decision because Code of Civil Procedure section 1013, subdivision (a) gives parties five additional days to request a statement of decision when the tentative decision is served by mail, as it was here. (*Staten v. Heale* (1997) 57 Cal.App.4th 1084, 1088-1089.)

Because Rasic either timely objected to the inadequacies of the trial court's proposed statement of decision or timely requested a statement of decision, the doctrine of implied findings does not apply to the judgment for Lovco. We instead review the court's proposed statement of decision as a final statement of decision setting forth the entirety of the court's factual findings and conclusions of law in support of the judgment.

5

## Intentional Interference with Prospective Economic Advantage

We apply the substantial evidence standard of review, keeping in mind that Rasic has not waived its objection to the absence of a material factual finding. "'"'When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact.' [Citations.]"' [Citations.]" (*Axis Surplus Ins. Co. v. Glencoe Ins. Ltd.* (2012) 204 Cal.App.4th 1214, 1222.) "We must therefore view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor in accordance with the standard of review so long adhered to by this court. [Citations.]" (*Jessup Farms v. Baldwin* (1983) 33 Cal.3d 639, 660.)

The elements of the tort for intentional interference with prospective economic advantage are: "'"'(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." [Citations.]' (*Westside Center Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 521-522.)" (*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1153.) In addition, a plaintiff must demonstrate that defendant's conduct was "wrongful by some legal measure beyond the fact of the interference itself." (*Della Penna v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal.4th 376, 393.) "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." (*Korea Supply, supra,* at p. 1159, fn. omitted.)

The trial court's statement of decision did not include any factual findings on the first or second elements of the tort: that Lovco had economic relationships with third

parties, or that Rasic had knowledge of those relationships. (*Korea Supply Co. v. Lockheed Martin Corp.*, *supra*, 29 Cal.4th at p 1164 ["a defendant must have knowledge of the plaintiff's economic relationship"]; *Winchester Mystery House, LLC v. Global Asylum, Inc.* (2012) 210 Cal.App.4th 579, 596 [affirming summary judgment where plaintiff failed to raise triable issue as to defendant's knowledge of plaintiff's economic relationship with third party].) Instead, the trial court focused on the fact that Rasic was offering services substantially similar to those offered by Lovco and because Lovco's site was within a reasonable distance, Rasic's customers would have used Lovco if Rasic was not operating the Airport Recycling Center. Those findings go to the fourth and fifth elements of the tort, actual interference and causation. They do not establish that Rasic knew of Lovco's third party relationships.

A close review of the record reveals some evidence to satisfy the first element, that Lovco had preexisting relationships with at least some of the customers that later used Rasic's services. For example, Exhibit 57 listed companies that had an ongoing economic relationship with Lovco. At least some of those companies also appear on the list of Rasic's third party customers.

The same is not true for the second element of the tort: Rasic's knowledge of Lovco's third party relationships. The trial record contains no evidence that Rasic knew of those relationships before or during the operation of the Airport Recycling Center. Arguing that there was substantial evidence of Rasic's knowledge, Lovco relies heavily on the trial court's finding that Rasic was a former Lovco customer. In essence, because Rasic was aware of the "class of clientele" that used Lovco's services, its knowledge of Lovco's third party relationships can be inferred. We disagree because such an inference is neither supported by the evidence nor a product of logic and reason. In order to constitute substantial evidence, inferences "'must be "a product of logic and reason" and "must rest on the evidence" [citation]; inferences that are the result of mere speculation or conjecture cannot support a finding [citations].' [Citation.]" (*Kasparian v. County of Los Angeles* (1995) 38 Cal.App.4th 242, 260.) In addition, we have found no case law supporting the argument that a defendant's status as plaintiff's customer would satisfy the

7

"knowledge of third party relationships" element of the tort. Imposing liability for intentional interference with prospective economic advantage based on such a tenuous inference would dramatically expand the scope of the tort, and we decline to do so.

The absence of any evidence that Rasic had knowledge of Lovco's relationships with third parties and the court's failure to make a factual finding on that element resulted in prejudicial error, because Lovco did not prove an essential element of its tort claim. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475 [requiring prejudicial error for reversal]; *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800-803 [error is prejudicial when it is reasonably probable losing party would have achieved a more favorable result in the absence of error].)

## **Damages**

Because we find there is no substantial evidence on the second element of Lovco's tort claim, we need not consider the damages issue on appeal.

## **DISPOSITION**

The judgment is reversed. The cause is remanded to the trial court with directions to enter judgment in favor of Defendant W.A. Rasic Construction Company, Inc. Defendant is awarded its costs on appeal.

KRIEGLER, J.

We concur:

TURNER, P. J.                                    MOSK, J.

8