Filed 12/22/15  Lee v. Cho CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DAE YONG LEE et al., | B262723 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC456112) |
| v. | |
| KYUNG KU CHO et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County.
John L. Segal, Judge.  Affirmed.

Law Offices of Frank N. Lee, Frank N. Lee for Plaintiffs and Appellants.

Lee Law Offices, W. Dan Lee for Defendants and Respondents.

_____

In a prior appeal, plaintiffs sought to have a judgment reversed because the trial court failed to issue a statement of decision. After that appeal was dismissed, plaintiffs brought a motion to vacate the judgment, arguing it was void because no statement of decision was issued. The trial court denied the motion.

We affirm. Plaintiffs' appeal is an improper attempt to reargue the issue central to their prior appeal.

## BACKGROUND

### The trial court's decision

Plaintiffs and appellants Dae Yong Lee and Alondra Business Center, LLC, filed a complaint for breach of fiduciary duty, among other causes of action, against defendants and respondents Kyung Ku Cho and 435 Los Feliz, LLC. A multi-day bench trial was held in January 2013.

After the parties submitted closing briefs, the trial court issued a tentative decision on May 30, 2013. The tentative decision—which recounted evidence presented at trial and included numerous factual findings—concluded that plaintiffs failed to prove their claims. The trial court ordered defendants to prepare a proposed judgment against plaintiffs and file the proposed judgment within 10 days. The court served the tentative decision by mail on May 31, 2013.

On June 10, 2013, defendants submitted a proposed judgment, which included findings that largely tracked the findings made by the trial court in its tentative decision. Shortly thereafter, on June 14, 2013, plaintiffs filed a lengthy request for statement of decision, asking that the trial court decide 60 separate issues that plaintiffs contended were not addressed in the tentative decision. Plaintiffs also filed objections to the proposed judgment.

On July 2, 2013, the trial court issued a minute order denying plaintiffs' request for a statement of decision as untimely. The minute order stated that plaintiffs' request was also improper because it asked the court to decide "all the factual issues of the trial" instead of only "the principal controverted issues" as required by California Rules of Court, rule 3.1590(d). According to the minute order, "The court's tentative decision

2

addressed the principal controverted issues." That same day, the trial court entered judgment, signing the proposed judgment without material modification, and served notice of entry of judgment.

Plaintiffs then moved for a new trial, arguing that the trial court improperly rejected plaintiffs' request for a statement of decision. On October 1, 2013, the trial court denied the motion for new trial, stating: "The Court's Tentative Decision is its Statement of Decision (Code of Civil Procedure Section 632) which sets forth the factual and legal basis for its decision. Plaintiffs' Request for a Statement of Decision is improper in asking the court to rule on minute issues of fact and not the principal controverted issues at trial which were answered by the court."

On November 5, 2013, the trial court issued an "amended" judgment identical to the original judgment, except that it awarded defendants a specified amount of costs pursuant to Code of Civil Procedure section 1032.

**The first appeal**

On October 23, 2013, plaintiffs appealed from the judgment. Plaintiffs filed their opening brief in the appeal, *Lee et al. v. Cho et al.*, case No. B252163, in March 2014, arguing that "the trial court's refusal to issue a statement of decision . . . was a reversible error." In August 2014, this court issued an order to show cause regarding whether the appeal was timely filed. After receiving briefing, this Court dismissed the appeal as untimely in October 2014.

**Motion to vacate and subsequent appeal**

In January 2015, three months after their original appeal was dismissed, and more than a year after the amended judgment was entered, plaintiffs filed a motion to vacate the judgment "entered by the Court on November 5, 2013." Plaintiffs argued that the trial court's failure to issue a formal statement of decision rendered the judgment void. According to plaintiffs, the judgment was "void on its face" and could be set aside at any time.

The trial court denied the motion to vacate. Plaintiffs appealed.

3

## DISCUSSION

In their respondents' brief, defendants argue that plaintiffs' opening brief on appeal fails to address the November 2013 "amended" judgment, the stated subject of plaintiffs' motion to vacate below.  Defendants contend that by failing to discuss the amended judgment, plaintiffs are unable to show that the trial court erred.  In their reply brief, plaintiffs counter that the November judgment was not the final judgment, but was in effect a postjudgment order that simply set costs.  They argue that the trial court's failure to issue a formal statement of decision renders the actual judgment void, no matter whether it was entered in July 2013 or November 2013.

We need not resolve the issue of whether plaintiffs' failure to address the amended judgment in their opening brief renders any challenge ineffective.  Plaintiffs' appeal fails for a more obvious reason:  plaintiffs' motion to vacate was an improper attempt to circumvent their earlier failed appeal.

Plaintiffs attempt to address this issue in their opening brief.  They argue that the earlier appeal has no effect because it merely affirmed a void judgment, and they may seek to set aside the judgment at any time, regardless of whether the prior appeal was unsuccessful.  Plaintiffs are incorrect.  "An order denying a motion to vacate an appealable judgment is generally not appealable if such appeal raises only matters that could be reviewed on appeal from the judgment itself.  The reason for this general rule is that to allow the appeal from the order of denial would have the effect of allowing two appeals from the same ruling and might in some cases permit circumvention of the time limitations for appealing from the judgment." (*Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 358 (*Rooney*); see also *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 (*Lakin*).)  There is an exception to this general rule precluding appeal from denial of a motion to vacate, but it applies only in certain circumstances— when the record on appeal from the denial reveals issues that were not disclosed or could not be addressed on appeal from the earlier judgment.

Here, plaintiffs' motion to vacate and this appeal address the same issue as the one central to the prior appeal from the judgment.  Plaintiffs argue that the trial court had a

4

mandatory duty to issue a formal statement of decision, and that the judgment cannot be upheld because no statement of decision was filed. Plaintiffs already extensively argued this issue in their prior appeal, meaning that this appeal is duplicative.

Indeed, the underlying motion to vacate and this appeal only present pertinent issues that were pivotal to the prior appeal. Although plaintiffs' argument regarding procedural aspects of a motion to vacate is new to this appeal, those aspects are not the basis for the alleged deficiencies in the judgment. Instead, the motion to vacate the judgment was based on the trial court's failure to issue a formal statement of decision—the same issue addressed in the prior appeal. At its essence, plaintiffs' instant appeal is nothing more than an improper attempt to avoid the time limits of appealing from the judgment. Under the principle expressed in *Rooney* and *Lakin*, plaintiffs cannot utilize a motion to vacate as a vehicle to re-appeal an issue previously appealed.

In any case, plaintiffs fail to demonstrate that the trial court erred by denying their motion to vacate. Plaintiffs cite to a number of cases in which a judgment entered "without findings" was referred to as void or a nullity.[1] (See *Pellegrini v. Weiss* (2008) 165 Cal.App.4th 515, 533; *In re Marriage of Davis* (1983) 141 Cal.App.3d 71, 77; *Ventura County Employees' Retirement Association v. Pope* (1978) 87 Cal.App.3d 938, 943-944; *McBride v. Alpha Realty Corp.* (1975) 49 Cal.App.3d 925, 928; *Ohio Cas. Ins. Co. v. Northwestern Mut. Ins. Co.* (1971) 17 Cal.App.3d 204, 207.) They also cite to one opinion in which a modification of an interlocutory judgment pertaining to custody and visitation was called "void" because no statement of decision was made. (See *In re Marriage of S.* (1985) 171 Cal.App.3d 738, 746.)

At most, these cases demonstrate that a trial court's failure to make findings and/or issue a statement of decision is a valid basis for a timely appeal. But they do not stand for the proposition that a judgment with findings is subject to attack as void long after its entry merely because no formal statement of decision was issued. None of plaintiffs'

---

[1] Here, in contrast, the trial court made findings in its tentative decision, which were incorporated into the judgment.

cited authority involved a motion to vacate a judgment, entered more than a year prior, on the basis that the judgment was void. And the cases certainly do not support plaintiffs' contention that they may appeal the denial of a motion to vacate premised on the same issue as a previous unsuccessful appeal.

## DISPOSITION

The order denying plaintiffs' motion to vacate the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.