Filed 8/17/20  Meseonzhnik v. Dovzhenko CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ALEX MESEONZHNIK, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> VSEVOLOD DOVZHENKO, <br><br> Defendant and Appellant. | B297633 <br><br> (Los Angeles County Super. Ct. No. BC645235) <br><br> **ORDER MODIFYING OPINION; NO CHANGE IN APPELLATE JUDGMENT** |

THE COURT:

The opinion filed on July 27, 2020 and not certified for publication, is modified as follows:

The language below shall be inserted on page 10 as the last paragraph of the Discussion section:

"Contrary to the assertion in Dovzhenko's petition for rehearing, California Rules of Court, rule 2.259(c) does not apply. That rule provides:  "If a technical problem with the court's electronic filing system prevents the court from accepting an electronic filing on a particular court day, and the electronic filer demonstrates that he or she attempted to electronically file the document on that day, the court must deem the document as filed

on that day." Dovzhenko did not submit evidence or ever advise the trial court there was a technical problem with the court's electronic filing system. Nor does he argue there was a such a technical problem. To the contrary, the evidence shows there was no technical problem. According to Dovzhenko, he submitted the request for a statement of decision and an objection to the proposed judgement "virtually simultaneously" on March 8, 2019, with the objection "filed" three minutes after the request was "received." Further, although Dovzhenko acknowledges that the request for a statement of decision "was later returned from the Clerk's Office," he failed to take corrective action to have the request filed. Under rule 2.259(a)(4), Dovzhenko was "responsible for verifying that the court received and filed any document that the electronic filer submitted to the court electronically."

Appellant's petition for rehearing is denied.

This order does not change the appellate judgment.

_____

PERLUSS, P. J.           SEGAL, J.           DILLON, J.*

_____

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2

Filed 7/27/20  Meseonzhnik v. Dovzhenko CA2/7 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ALEX MESEONZHNIK, | B297633 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC645235) |
| v. | |
| VSEVOLOD DOVZHENKO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory Keosian, Judge.  Affirmed.

Baranov & Wittenberg and Michael M. Baranov for Defendant and Appellant.

Law Office of Robert Gentino, Robert Gentino and Sherri Matta for Plaintiff and Respondent.

_____

Vsevolod Dovzhenko appeals from a judgment entered against him in a breach of contract action. Dovzhenko argues the trial court erred in failing to issue a statement of decision following a bench trial despite his timely request. He also asserts the court abused its discretion in denying an ex parte application seeking to vacate the judgment based on the lack of a statement of decision. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A.    *The Trial Court Enters Judgment After a Bench Trial*

On December 29, 2016, Alex Meseonzhnik filed a civil complaint against Dovzhenko, alleging a single cause of action for breach of a promissory note. The case was tried in a bench trial over a three-day period, commencing on the afternoon of January 23, 2019, continuing on the afternoon of January 24, and concluding on the morning of January 25. The parties did not employ a court reporter for the trial. Following closing arguments, the trial court took the matter under submission.

On February 26, 2019, the trial court signed a "proposed judgment" in favor of Meseonzhnik and, on the same day, the clerk filed and served by  mail the proposed judgment. The proposed judgment stated, "A statement of decision not being requested pursuant to [Code of Civil Procedure section] 632 and [California Rules of Court, rule] 3.1590, the court, upon a trial on the merits, after hearing testimony of both Plaintiff and Defendant, and on a review of the evidence submitted, and on the arguments of counsel, finds for Plaintiff and against Defendant in the amount of $80,000 with interest, as well as costs and fees pursuant to the promissory note. [¶] Parties may within 10 days after service of this proposed judgment, serve and file objections

4

thereto."

On March 8, 2019, Dovzhenko served and electronically filed with the court an objection to the proposed judgment in which he stated that the judgment was premature because the court had not issued a statement of decision. On the same day, Dovzhenko served and submitted for electronic filing a "Request for a Statement of Decision." The court's electronic filing system placed an electronic stamp on the left margin of the request's cover page, which stated: "Electronically Received 03/08/2019 11:56." However, for unknown reasons, the request for a statement of decision was not electronically filed with the court. Dovzhenko's request was not shown in the "case information" on the trial court's website.

On March 13, 2019, Meseonzhnik filed a response to Dovzhenko's objection to the proposed judgment. Meseonzhnik stated that the objection "failed to 'request a statement of decision to address the principal controverted issues' and failed to specify any principal controverted issues within ten days as required by [California Rules of Court] rule 3.1590(d)."

On March 13, 2019, the trial court entered a judgment in favor of Meseonzhnik and against Dovzhenko on Judicial Council Form JUD-100. The judgment contained checked boxes indicating that a statement of decision was not requested. Meseonzhnik served Dovzhenko with notice of entry of judgment on March 15, 2019. Based on the judgment, on April 4, 2019, the clerk filed a writ of execution to enforce the judgment.

B.    *Dovzhenko's Ex Parte Application*

On April 30, 2019, Dovzhenko filed an ex parte application to vacate the judgment and quash the writ of execution, or in the alternative, to shorten the time to hear a motion for such relief.

5

In his application, Dovzhenko argued, "[d]espite a timely request for a statement of decision and an objection to the proposed judgment, no statement of decision was issued, and judgment was entered based on a non-binding tentative decision." Dovzhenko acknowledged that "the new electronic filing system processed the Request for Statement of Decision as 'Received,' while processing the Objection to the Proposed Judgment as 'Filed.'" Dovzhenko's ex parte application did not state whether the court transmitted a notice of rejection for his request.[1]

Although Dovzhenko did not attach a confirmation from the electronic filing system showing that the request was filed, he maintained that he had "electronically filed" the document on March 8, 2019. Dovzhenko also asserted that he was entitled to relief on an ex parte basis because the deadline to file an appeal from the judgment was approaching, and there was insufficient time for him to request that the court vacate the judgment through a regularly noticed motion.

In his opposition, Meseonzhnik contended that Dovzhenko had not shown good cause for ex parte relief because Dovzhenko had waited seven weeks after the entry of judgment to seek relief from his own failed attempt to file a request for statement of decision. Meseonzhnik also claimed that granting Dovzhenko's application would reward his act of "gamesmanship" because Dovzhenko had strategically delayed in seeking to vacate the judgment to obtain "ex parte release of levied funds to enable [Dovzhenko] to empty the account and conceal the funds."

---

[1] Dovzhenko states in his opening brief that "[a] copy [of the request for a statement of decision] was later returned from the Clerk's Office."

6

On April 30, 2019, following a hearing, the trial court issued a minute order denying Dovzhenko's ex parte application.

Dovzhenko timely appealed from the judgment.[2]

## DISCUSSION

### A.    *Applicable Law*

Code of Civil Procedure[3] section 632 provides:  "In superior courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required.  The court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial upon the request of any party appearing at the trial.  The request must be made within 10 days after the court announces a tentative decision unless the trial is concluded within one calendar day or in less than eight hours over more than one day in which event the request must be made prior to the submission of the matter for decision."  (§ 632; see also Cal. Rules of Court, rule 3.1590(d), (n).)

"A statement of decision gives the trial court 'an opportunity to place upon [the] record, in definite written form,

---

[2]    On October 31, 2019, the same day that Meseonzhnik filed his brief in this court, the trial court purported to issue an order denying Dovzhenko's request for a statement of decision because the trial lasted "7.35 hours" and Dovzhenko did not request a statement of decision "prior to the submission of the case."  The trial court did not have jurisdiction to issue this order.  (See Code Civ. Proc., § 916, subd. (a).)  Accordingly, we deny Meseonzhnik's request to augment the record to include this order.

[3]    All further statutory references are to the Code of Civil Procedure.

its view of the facts and the law of the case, and to make the case easily reviewable on appeal by exhibiting the exact grounds upon which judgment rests.' [Citation.] 'If a statement of decision is given, it provides us with the trial court's reasoning on disputed issues and "is our touchstone to determine whether or not the trial court's decision is supported by the facts and the law."'" (*A.G. v. C.S.* (2016) 246 Cal.App.4th 1269, 1282, italics omitted.) A party is entitled to a statement of decision if he or she makes a timely request and specifies the principal controverted issues to be addressed by the court. (§ 632; Cal. Rules of Court, rule 3.1590(d).) If, however, the parties fail to request a statement of decision, the court is not required to provide one. (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 996; *Acquired II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970.)

B. *The Trial Court Did Not Err in Not Issuing a Statement of Decision*

Premised on the trial lasting eight hours or more, Dovzhenko argues that the trial court erred in failing to issue a statement of decision because the court served the proposed judgment on February 26, 2019, and he timely "submitted" a request for a statement of decision on March 8, 2019.[4] Meseonzhnik, on the other hand, contends that Dovzhenko cannot establish that his request was timely because, absent an

---

[4] Where, as here, the trial court's decision on a submitted matter was served on the parties by mail, the 10-day time limit for requesting a statement of decision is extended by an additional five days pursuant to section 1013, subdivision (a). (*Kroupa v. Sunrise Ford* (1999) 77 Cal.App.4th 835, 841; *Staten v. Heale* (1997) 57 Cal.App.4th 1084, 1090.)

8

affirmative showing that the trial exceeded eight hours, Meseonzhnik had to request a statement of decision prior to the submission of the case for decision. We need not decide whether Dovzhenko established that the duration of the trial was eight hours or more because Dovzhenko has not shown that he timely made a request for a statement of decision regardless of the trial's length.[5]

Where an issue involves the application of law to undisputed facts, we review the matter independently. (See *Boling v. Public Employment Relations Bd.* (2018) 5 Cal.5th 898, 912 ["[i]t is true that the application of law to undisputed facts ordinarily presents a legal question that is reviewed de novo"]; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018; *Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 801.)

"A party's entitlement to a statement of decision depends on the party making a timely request." (*Gorman v. Tassajara*

---

[5] According to the minute orders, the trial commenced with opening statements at 1:30 p.m. on January 23, 2019. (§ 581, subd. (a)(6) ["[t]rial shall be deemed to actually commence at the beginning of the opening statement . . . "].) Trial resumed on January 24 at 1:30 p.m., with the concluding trial session beginning on January 25 at 10:00 a.m. However, the minute orders do not state when the sessions concluded. (See generally *In re Marriage of Gray* (2002) 103 Cal.App.4th 974, 979-980) ["the eight-hour rule in section 632 requires a simple and obvious mode of timekeeping that everyone, including attorneys, can keep track of. This means that, for purposes of keeping time of trial under section 632 in civil proceedings . . . the time of trial means the time that the court is in session, in open court, and also includes ordinary morning and afternoon recesses when the parties remain at the courthouse"].)

*Development Corp.* (2009) 178 Cal.App.4th 44, 61.) "A request for statement of decision calls on the trial court to act. Such a request cannot reasonably be deemed accomplished until the court knows what is requested." (*Staten v. Heale, supra*, 57 Cal.App.4th at p. 1090.)

Los Angeles County Court Rules, rule 3.4(a), titled "Mandatory Electronic Filing" provides, "Pursuant to the operative General Order re Mandatory Electronic Filing for Civil ('General Order'), represented parties in civil actions must file documents electronically, unless the court exempts parties from doing so." California Rules of Court, rules 2.250 through 2.261 set forth the procedures governing the electronic filing and service of documents. Under rule 2.259(a)(1), "[w]hen a court receives an electronically submitted document, the court must promptly send the electronic filer confirmation of the court's receipt of the document, indicating the date and time of receipt." "If the document received by the court . . . complies with filing requirements and all required filing fees have been paid, the court must promptly send the electronic filer confirmation that the document has been filed. The filing confirmation must indicate the date and time of filing and is proof that the document was filed on the date and at the time specified." (Cal. Rules of Court, rule 2.259(a)(2.) In addition, "[t]he court's endorsement of a document electronically filed must contain the following: 'Electronically filed by Superior Court of California, County of _____, on _____ (date),' followed by the name of the court clerk." (Cal. Rules of Court, rule 2.259(d)(1).)

"In the absence of the court's confirmation of receipt and filing, there is no presumption that the court received and filed the document." (Cal. Rules of Court, rule 2.259(a)(4).) "The

10

electronic filer is responsible for verifying that the court received and filed any document that the electronic filer submitted to the court electronically." (*Ibid*.) Finally, rule 2.259(b) provides, "If the clerk does not file a document because it does not comply with applicable filing requirements or because the required filing fee has not been paid, the court must promptly send notice of the rejection of the document for filing to the electronic filer."

Dovzhenko contends that he made a request for a statement of decision through his March 8 submission on the trial court's electronic filing system.[6] However, Dovzhenko has failed to show that he filed a request for a statement of decision with the trial court within the 10-day period required by section 632 for a trial greater than eight hours. Although Dovzhenko electronically submitted a request for filing through the court's electronic filing system, there was no indication that the document had been filed. Dovzhenko's request was stamped, "Electronically Received," but there was no rule 2.259(d)(1) endorsement on the document that it had been "electronically filed" by the court clerk. Dovzhenko also did not submit the court's confirmation that the document had been filed. The "case information" on the court's website does not contain an entry for Dovzhenko's request for a statement of decision, much less one showing the request was filed. There is nothing in the record to suggest that, at the time the trial court entered the March 13, 2019 judgment in favor of Meseonzhnik, the court was aware that Dovzhenko had tried, but failed, to file a request for a statement of decision.

---

[6] Dovzhenko does not argue that his March 8, 2019 objection, which was filed, constituted a request for a statement of decision.

11

Given that the absence of the court's filing confirmation, under rule 2.259(a)(4), there was no presumption that Dovzhenko filed the request. Further, under rule 2.259(a)(4), Dovzhenko was responsible for verifying that the court filed the request he had submitted. Under these circumstances, Dovzhenko has not shown that he timely made his request for a statement of decision within the 10-day statutory period. Because Dovzhenko's request was untimely, the trial court was not required to issue a statement of decision. (See *Staten v. Heale, supra,* 57 Cal.App.4th at p. 1086-1087, 1090 [rejecting argument that request for statement was "made" when mailed to court; request for decision "made" when filed in the trial court because "[s]uch a request cannot be reasonably deemed accomplished until the court knows what is requested"]; *In re Marriage of McDole* (1985) 176 Cal.App.3d 214, 219 ["[h]er request [for a statement of decision] was mailed on September 14, and filed on September 15, within 15 days of September 1 and was therefore timely"].)[7]

---

[7]     Dovzhenko argues that the trial abused its discretion in denying his ex parte application seeking to vacate the judgment on nonstatutory grounds. However, Dovzhenko did not file a notice of appeal from the trial court's April 30, 2019 order denying his ex parte application.

## DISPOSITION

The judgment is affirmed. Meseonzhnik shall recover his costs on appeal.

DILLON, J.[*]

We concur:

PERLUSS, P. J.

SEGAL, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.